UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUAN F. HARRIAGUE and
CARLOS MARQUEZ,

    Plaintiffs,

vs.

MS & RE KESEF CORP. d/b/a
GRAZIE ITALIAN CUISINE,
SPURGEON F. SOLOMON and
MOSHE PETEL

    Defendants.

_____/     **COMPLAINT**

Plaintiffs, Juan F. Harriague and Carlos Marquez, (hereinafter collectively referred to as "plaintiffs") sue MS & RE Kesef Corp. d/b/a Grazie Italian Cuisine, Spurgeon F. Solomon and Moshe Petel, (hereinafter collectively referred to as "defendant employers"), and states:

**INTRODUCTION**

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 2001 et seq.), hereinafter "FLSA," to recover unpaid back overtime compensation, an additional equal amount of unpaid overtime compensation as liquidated damages, prejudgment interest, and reasonable attorney's fees and litigation costs. Plaintiffs also bring this action under the Florida Minimum Wage Act, (hereinafter "FMWA"), to recover unpaid minimum wages, and additional equal amount of unpaid minimum wages as liquidated damages, attorney's fees, and litigation costs.

**JURISDICTION**

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the FLSA (29

U.S.C. 216 (b)), and by the provisions of 28 U.S.C.A. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

3. The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiffs' claims under the Florida Minimum Wage Act because plaintiffs' claims are so related to the claims within the court's original jurisdiction that they form of the same case or controversy under Article 3 of the United States Constitution.

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County, Florida.

## **PLAINTIFFS**

5. Plaintiff, Harriague, is an individual residing in Miami-Dade County, Florida.

6. Harriague was employed by the defendant employers as a bartender from December 25, 2009 through March 13, 2010.

7. Except for his final paycheck, Defendant failed to pay Harriague an hourly wage. Instead, he earned only a share of the tips.

8. Harriague worked about 60 hours per workweek.

9. Plaintiff, Marquez, is an individual residing in Miami-Dade County, Florida.

10. Marquez was employed by the defendant employers as a waiter and a bartender from May 8, 2008 through March 22, 2010.

11. Defendant failed to pay Marquez an hourly wage. Instead, he earned only a share of the tips.

12. Marquez worked an average of 58 hours per workweek.

## **DEFENDANT EMPLOYERS**

13. Defendant, MS & RE Kesef Corp, is a Florida corporation, and does business as Grazie Italian Cuisine in Miami Beach, Florida

14. MS & RE Kesef Corp. is an employer under the FLSA and the FMWA.

15. Upon information and belief, defendant, Spurgeon Solomon, is a resident of Miami-Dade County, Florida.

16. Upon information and belief, defendant, Moshe Petel, is a resident of Miami-Dade County, Florida.

17. While the plaintiffs were employed by MS & RE Kesef Corp., defendants, Solomon and Petel, each managed the operations of the restaurant, and acted directly in the restaurant's interest, in relation to its employees. Therefore each of the individual defendants was and is an employer within the meaning of the FLSA and FMWA.

18. While plaintiffs were employed by the defendant employers, plaintiffs engaged in commerce or the production of goods for commerce with the meaning of the FLSA.

19. At all times material to this complaint, the defendant employers had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level which are separately stated, and at least two employees engaged in interstate commerce.

20. By reason of the foregoing, the defendant employers were, during all times that the plaintiffs were employed by them, an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA.

## COUNT 1
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA

21. Plaintiffs reallege paragraphs 1 through 20 as if fully set forth herein.

22. During the time that plaintiffs were employed by the defendant employers, or portions thereof, the defendant employers willfully employed the plaintiffs for many workweeks longer than 40 hours, and willfully failed and refuse to compensate them for such work in

> excess of 40 hours at rates not less than one and one-half times the regular rates at which each of them employed, contrary to the provisions of Section 7(a) of the FLSA (29 U.S.C. § 207(a)).

23. As a result of the under payments of wages alleged above, the defendant employers are indebted to the plaintiffs in the amount of the unpaid overtime wage compensation, prejudgment interest and an additional equal amount as liquidated damages.

24. By reason of defendants' refusal to pay the unpaid overtime due to the plaintiffs, it has been necessary for them to employ attorneys to prosecute this cause.

WHEREFORE, the plaintiffs demand judgment awarding them all such legal and/or equitable relief that will effectuate the purpose of the FLSA, including but not limited to (1) back pay, (2) prejudgment interest, (3) liquidated damages, (4) reasonable attorney fees, pursuant to the FLSA, (5) court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA, and (6) any other relief that this court finds will reasonable under the circumstances.

## COUNT 2
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

25. The plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

26. During the time that the plaintiffs were employed by the defendant employers, or portions thereof, the defendant employers willfully employed the plaintiffs and paid them less than the Florida minimum wage contrary to the provisions of the FMWA.

27. Any and all conditions precedent to bringing this action have been satisfied.

28. Defendant employers failed to pay each of the Plaintiff's the total amount of the unpaid Florida minimum wages, or otherwise resolve their claims within 15 days of the receipt of the written notice of intent to file this action.

29. As a result of the under payments of wages alleged above, the defendant employers are indebted to the plaintiffs in the amount of the unpaid Florida minimum wage compensation, prejudgment interest and an additional equal amount as liquidated damages.

30. By reason of the defendants' refusal to pay the Florida minium wage due to the plaintiffs, it has been necessary for them to employ attorneys to prosecute this cause.

WHEREFORE, the plaintiffs demand judgment awarding them all such legal and/or equitable relief that will effectuate the purpose of the FMWA, including but not limited to (1) back pay, (2) prejudgment interest, (3) liquidated damages, (4) reasonable attorney fees, pursuant to the FMWA, (5) court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FMWA, and (6) any other relief that this court finds will reasonable under the circumstances.

## JURY DEMAND

31. The plaintiffs demand trial by jury.

Respectfully submitted

PAUL F. PENICHET, P.A.
19 West Flagler Street, #907
Miami, FL 33130
Tel:   (305) 373-8809
Fax:   (305) 373-8810
paul@penichetlaw.com

BY:   s/ Paul F. Penichet
Paul F. Penichet, Esq.
FBN: 0899380